COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP
PETER S. PEARLMAN
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

Liaison Counsel

TAUS, CEBULASH, & LANDAU, LLP
BARRY TAUS
80 Maiden Lane, Suite 1204
New York, NY 10038
Tel: 212/931-0704
212/931-0703 (fax)

Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re Celebrex Antitrust Litigation | ) Case No. <br> ) <br> ) MEMORANDUM OF LAW IN SUPPORT <br> ) OF PLAINTIFFS'  MOTION TO COMPEL <br> ) DISCOVERY FROM NON-PARTY <br> ) WATSON PHARMACEUTICALS, INC. |

## INTRODUCTION

Direct Purchaser Plaintiffs American Sales Company, LLC ("American Sales") and Rochester Drug Co-Operative, Inc. ("RDC") (collectively "Plaintiffs") in an antitrust action entitled *In re Celebrex Antitrust Litigation*, Case No. 14-cv-361 (E.D. Va.) hereby move to compel non-party Watson Pharmaceuticals, Inc. ("Watson"), to comply with the subpoena served on Watson at its corporate headquarters in Parsippany, New Jersey on March 7, 2016. *See* Exhibit 1 (subpoena) and Exhibit 2 (proof of service). The subpoena directs Watson, pursuant to Federal Rule of Civil Procedure 45(a)(1), to produce specifically identified documents and data highly relevant to the prosecution of the above-captioned *In Re Celebrex* antitrust action.

The time for responding to the subpoena expired on April 3, 2016. Watson failed to respond to or object to the subpoena. And, Watson has failed to produce a single document responsive to the subpoena and no documents appear forthcoming. In fact, for over two months, Watson had completely ignored both the subpoena and the April 25, 2016 letter Plaintiffs' counsel sent to Watson's General Counsel attaching the subpoena and reminding Watson that it was in default (*see* Exhibit 3). Thereafter, Plaintiffs' counsel repeatedly attempted to contact Watson by telephone, but received no substantive response. *See* Declaration of Barry Taus in Support of Plaintiffs' Motion to Compel Discovery from Watson Pharmaceuticals, Inc. ("Taus Declaration") at ¶ 3. Finally, on June 23, 2016, Watson responded to yet another telephone inquiry, and finally stated in an email that it would respond to the subpoena by June 27, 2016 (see Exhibit 5). But it did not do so. As of July 7, 2016, the date of this motion, Watson still has not responded to the subpoena, and remains in default.

Therefore, Plaintiffs ask this Court for an order compelling Watson to respond promptly to the subpoena by producing all documents and data responsive to the subpoena's requests.

Plaintiffs also ask for an order deeming as waived any objections that Watson may otherwise have had for its failure to respond to the subpoena.

This court has jurisdiction pursuant to Federal Rule of Civil Procedure 45. Subpoena-related motions are to be made to the court where compliance is required under Rule 45(c). Fed. R. Civ. P. 45(f) advisory comm. note Subdivision (f) (2013). Since Watson is located in Parsippany, New Jersey, the subpoena requires compliance in this District.

## BACKGROUND

On September 8, 2014, Plaintiffs filed a Complaint[1] brought under the federal antitrust laws against Pfizer, Inc. and two of its subsidiaries, G.D. Searle LLC and Pfizer Asia Pacific, Ltd. (collectively "Pfizer").

This Complaint alleges, *inter alia*, that Pfizer fraudulently obtained a patent from the Patent and Trademark Office ("PTO") in 2013 and utilized that improperly obtained patent to file lawsuits against generic Celebrex drug makers (including Watson). These lawsuits, seeking to enforce the fraudulently obtained patents, had the purpose and effect of preventing generic companies like Watson from entering the market. As a result of Pfizer's anticompetitive conduct, Plaintiffs (direct purchasers) purchased brand Celebrex from Pfizer at supracompetitive brand prices, rather than the significantly lower generic prices they would have paid absent Pfizer's improper conduct, and have thereby been injured. For a summary of Plaintiffs' allegations, *see* Complaint ¶¶ 1-6.

On November 6, 2015, Judge Arenda L. Wright Allen of the Eastern District of Virginia denied in part Pfizer's motion to dismiss the Complaint, upholding Plaintiffs' claims that Pfizer

---

[1] *See* Exhibit 4, Corrected Consolidated Amended Class Action Complaint.

3

impaired generic competition by defrauding the PTO into issuing a patent. *See* Order, *Am. Sales Co, LLC., v. Pfizer, Inc.*, No. 2:14-cv-00361-AWA-DEM (Nov. 6, 2015), ECF No. 73.

As is common in cases alleging impaired generic competition, Plaintiffs served subpoenas on the generic companies that were prevented or delayed from entering the market because of wrongdoing by the brand company. In this case, four such generic companies were subpoenaed: Teva, Mylan, Lupin and Watson. The first three generic companies have responded to Plaintiffs' subpoenas – which are virtually identical to the subpoena served on Watson – and are in the process of producing responsive documents. Only Watson has not substantively responded to the subpoena.

## ARGUMENT

Plaintiffs properly served Watson the subpoena on March 7, 2016 at its headquarters in Parsippany, New Jersey. (Exhibit 2). After the response date of April 3, 2016 passed, Plaintiffs' counsel followed up with a letter to Watson requesting a response (Exhibit 3), which Watson also ignored. Beginning June 11, 2016, and continuing through June 29, 2016, Plaintiffs' counsel repeatedly attempted to contact Watson via telephone, and received no substantive response from Watson. On June 23, 2016, after a telephone call to Watson's General Counsel's office, Watson finally acknowledged receipt of the subpoena and letter (which had been re-sent to Watson on June 14, 2016), and promised a response by June 27, 2016. (Exhibit 5). Nevertheless, Watson has still not responded to the subpoena by July 7, 2016, the date of this motion, forcing Plaintiffs to bring this motion to compel.

As a generic manufacturer which has sought approval of Celebrex from the FDA, and a party to patent litigation in which Pfizer attempted to enforce its fraudulently obtained patent, Watson has possession, custody or control of documents and data relevant to Plaintiffs' claims in *In re Celebrex*. Three other generic companies in similar positions have already responded to

4

nearly identical subpoenas, further showing the propriety of the subpoena and the relevance of the documents requested in the subpoena. Nevertheless, to date, Watson has failed to respond to the subpoena – giving no excuse, adequate or otherwise, for failing to respond. Watson's failure to timely respond to the subpoena, either before the return date or within 14 days after the subpoena was served, renders Watson in default, and any objections it may otherwise have had to the subpoena are waived. *See* Fed. R. Civ. P. 45(d)(2)(B). "[F]ailure to timely file an objection will result in a waiver of the right to object to enforcement of the subpoena and of the right to recover costs of production." *McCabe v. Ernst & Young, LLP.*, 221 F.R.D. 423, 426 (D.N.J. 2004) (holding that a party waived rights because they did not timely object to subpoenas or seek a protective order).

## CONCLUSION

Plaintiffs respectfully request that this Court: (1) compel Watson Pharmaceuticals to comply with the subpoena by producing all documents and data requested in the subpoena; and (2) declare that Watson has waived any objections to the subpoena, and must produce its responsive documents within 14 days of this Court's order.

DATED: July 7, 2016

                                            Respectfully submitted,

                                            COHN LIFLAND PEARLMAN
                                            HERRMANN & KNOPF LLP
                                            PETER S. PEARLMAN

                                              */s/ Peter S. Pearlman*
                                              PETER S. PEARLMAN

Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
Telephone: 201/845-9600
201/845-9423 (fax)

Liaison Counsel


TAUS, CEBULASH, & LANDAU, LLP
BARRY TAUS
80 Maiden Lane, Suite 1204
New York, NY 10038
Telephone: 212/931-0704
212/931-0703 (fax)

## DECLARATION OF SERVICE BY E-MAIL

I, PETER S. PEARLMAN, not a party to the within action, hereby declare that on July 7, 2016, I served the attached MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM NON-PARTY WATSON PHARMACEUTICALS, INCORPORATED on the parties in the within action by e-mail addressed as follows:

**COUNSEL FOR PLAINTIFFS:**

| NAME | FIRM | EMAIL |
| --- | --- | --- |
| Barry Taus | TAUS, CEBULASH, & LANDAU, LLP<br><br>80 Maiden Lane, Suite 1204<br>New York, NY 10038<br>Telephone: 212/931-0704<br>Fax: 212/931-0703 | btaus@tcllaw.com |

**COUNSEL FOR DEFENDANTS:**

| NAME | FIRM | EMAIL |
| --- | --- | --- |
| Stephen E. Noona | KAUFMAN & CANOLSE, P.C.<br><br>150 West Main Street, Suite 2100<br>Norfolk, VA 23510<br>Telephone: 757/624-3000<br>Fax: 757/624-3169 | senoona@kaufacan.com |
| Dimitrios T. Drivas<br>Robert A. Milne<br>Brendan G. Woodard<br>Raj S. Gandesha | WHITE & CASE LLP<br>1155 Avenue of the Americas<br>New York, NY 10036<br>Telephone: 212-819-8200 | ddrivas@whitecase.com<br><br>rmilne@whitecase.com<br><br>bwoodard@whitecase.com<br><br>rgandesha@whitecase.com |

8

**COUNSEL FOR NON-PARTY WATSON PHARMACEUTICALS, INC.**

| NAME | FIRM | EMAIL |
| --- | --- | --- |
| John Duff | WATSON PHARMACEUTICALS, INC.<br><br>400 Interpace Parkway<br>Morris Corporate Center III<br>Parsippany, NJ 07054<br><br>Telephone: 862/261-7834<br>Fax: 862/261-7922 | John.duff@allergan.com |